[Civ. No. 4038. Fourth Dist. May 4, 1950.]

ALSTON R. ZRYD et al., Appellants, v. GEORGE CHAPMAN et al., Respondents.

Siemon, Maas & Siemon for Appellants.

George J. Coffaro for Respondents.

SHEPARD, J. pro tem.—This is an appeal from a judgment denying plaintiffs' plea for injunctive relief to reinstate plaintiffs as officers of Frazier Mountain Park Improvement

Association, an unincorporated association, and to recover money allegedly belonging to said association and to prevent use of said association's name.

Plaintiffs contend that the evidence does not support the findings and that the findings do not support the judgment.

Frazier Mountain Park Improvement Association was organized as an unincorporated association about January, 1947. A constitution and bylaws were adopted and officers were elected.

The pertinent provisions of the organization constitution relating to the matters here under consideration are as follows:

## "ARTICLE V.

"The elective officers of this Association shall be President, Vice-President, Secretary, Treasurer and Corresponding Secretary.

"1-a: The nominations shall be held at the regular meeting in February . . .

"2-a: The officers shall be elected by secret ballot at the first regular meeting in March, and shall hold office for a period of one year unless removed for cause or until their successors are elected and installed. All members shall be notified at least one week prior to all meetings at which elections are to be held . . .

"6. Should any officer absent himself for three consecutive meetings without a reasonable and lawful excuse, his office shall be declared vacant and it shall be the duty of the President to order an election to fill such vacancy. . . .

## "ARTICLE VI.

"5 . . . A: The Executive Committee shall have all the power of the Association between the meetings of same, except that being a subordinate body they shall not modify any action taken by the Association as a whole. . . .

## "BY LAWS
## "ARTICLE I

"1. This Association shall convene for the purpose of transacting business at least once a month on the last Friday of each month. . . .

"3. The Corresponding Secretary shall notify all members of a special meeting at least one week before meeting convenes."

The constitution and bylaws do not fix the meeting place

nor direct any special notice of meetings except in case of special meetings and those for election of officers.

Plaintiff Alston R. Zryd presided over most of the 1947 monthly association meetings except July, October, November and December. He states, and defendants apparently concede, that there was no October meeting. Up to and including November, 1947, the association meetings were held in the fire hall.

28 November, 1947, the meeting instructed the corresponding secretary to write to the school board for use of the school house for association meetings. The December meeting was held at the school house. At the December meeting the corresponding secretary was instructed to give notice to the members that nomination of officers for the ensuing year would take place at the February meeting.

19 January, 1948, the corresponding secretary mailed notice to all members of a meeting to be held on the 30th of January, 1948, in the room next to the post office. None of the minutes of any previous association meeting or executive committee meeting mentioned this as a place to meet.

30 January, 1948, part of the association members met at the school house and part of them met at the room next door to the post office. Plaintiff Zryd attended the meeting near the post office but also visited briefly the school house meeting.

Those who met at the school house voted to vacate the office of president and vice president on the ground that these officers had been allegedly absent from four successive association regular meetings. Defendant George Chapman was placed in the chair for this meeting. Defendant group also at this time voted to have the annual nomination of officers on the 27th of February, 1948, at the school house and the annual election of officers on the 13th of March, 1948, at the school house.

From this schism of the 30th of January, 1948, two groups of members headed by plaintiffs and defendants developed, each contending for control of the Frazier Mountain Park Improvement Association.

1 February, 1948, a bulletin was prepared and mailed to all members by defendant George Chapman, giving notice, among other things, that a meeting would be held the 27th of February, 1948, at the school house for nomination of association officers for the ensuing year and that the election for such officers would be held on the 13th of March, 1948.

At said meeting of 27 February, 16 of plaintiffs' group attended but upon being refused permission to seat plaintiff Zryd as presiding officer 14 of them left. Candidates were nominated on behalf of both groups. No one was denied the right to place the name of the person of his choice in nomination. At the close of this meeting the members present again voted to hold the annual election of officers on the 13th of March, 1948.

At the meeting thus called and noticed defendants were elected officers of the association. None of plaintiffs' group were denied the right to vote at this meeting.

Throughout a great share of the proceedings during the association's entire existence, many of the technical requirements of the constitution and bylaws of the association were ignored. Neither of the said group meetings of the 30th of January, 1948, was competent to act for nomination or election of officers. The notice was defective for the school house as a meeting place and was apparently without authority for the room next to the post office. Furthermore, the date was wrong under the association constitution, as far as the nomination of officers was concerned.

The meeting of the 27th of February appears to have been a duly located and dated meeting for nomination of officers and for the regular transaction of business. All members of the association had notice of this meeting. While there does appear to have been a usurpation of the chair, nevertheless nominations were duly made for both contending groups and appear to have been entirely in order and in accordance with the constitution and bylaws of the organization. The meeting was competent to fix the date for the election of officers and the date and hour fixed for the meeting were both in accordance with the constitution and bylaws and the notice of election which had already been given.

The findings do, in substance, find that a meeting was held on the 27th of February, 1948, for the nomination of officers and that an election was held on the 13th of March, 1948, in accordance with the constitution and bylaws of the organization and that those elected thereat are now the officers of the association. The findings state sufficient facts to warrant the denial of judgment to plaintiffs.

We agree with appellants that the attempted removal of Zryd on the 30th of January, 1948, was without authority, but the point is moot since his term of office expired in March,

1948, and another person has been regularly elected to fill the office of president.

From the foregoing it will be observed that plaintiffs had the opportunity to vote at the annual election of the 13th of March, 1948, and did not make any attempt to follow their remedy of majority vote. They have not been expelled from any meetings. There is no showing anywhere of a fraudulent attempt by a minority to "capture" the association by trickery or fraud.

In this state of the record we cannot perceive the propriety of a court of equity interfering in the association's affairs.

Judgment affirmed.

Griffin, Acting P. J., and Mussell, J., concurred.